Justice White,
dissenting.
This case presents the question whether the Eleventh Amendment bars a suit for retroactive monetary relief against a State, if recovery is sought from funds which are segregated from the general revenues or which come from the Federal Government. Two forms of unemployment benefits are at issue in this case. Both are paid from funds segregated from general state funds. One is wholly financed by the Federal Government. The Court of Appeals for the Seventh Circuit took the position that the source of state funds should be disregarded and declined to follow the ‘“trust fund doctrine.’” Paschal v. Jackson, 936 F. 2d 940, 944 (1991). The court held that a claim for retroactive monetary relief against the State was barred by the Eleventh Amendment, notwithstanding the segregation of funds and the fact of federal financing. Id., at 945. In another case involving a suit seeking payment of unemployment benefits, the Court of Appeals for the Tenth Circuit has similarly rejected the view that a State’s sovereign immunity may be abrogated where relief would be paid out of a special revenue fund. Esparza v. Valdez, 862 F. 2d 788, 794 (1988). That court held that, no matter what fund a judgment for past damages comes from, it is still a judgment against the State and as such is barred by the Eleventh Amendment. Id., at 795.
Other Courts of Appeals have taken a contrary view of the effect of the Eleventh Amendment in similar circumstances. In *1082 Brown v. Porcher, the Court of Appeals for the Fourth Circuit held that a federal court could award a judgment against the South Carolina unemployment compensation fund, because that fund was segregated from general state revenues. 660 F. 2d 1001 (1981), cert. denied, 459 U. S. 1150 (1983) (White, Powell, and Rehnquist, JJ., dissenting). The Court of Appeals for the Third Circuit has held that a federal court could order retroactive relief against the Pennsylvania Department of Public Welfare (DPW), at least to the extent that the DPW would be reimbursed by the Federal Government. Bennett v. White, 865 F. 2d 1395, 1408, cert. denied, 492 U. S. 920 (1989). In Foggs v. Block, the Court of Appeals for the First Circuit found that the Eleventh Amendment did not bar a federal court from ordering the restoration of food stamp benefits where the Federal Government bore the cost of the program. 722 F. 2d 933, 941, n. 6 (1983), rev’d on other grounds sub nom. Atkins v. Parker, 472 U. S. 115 (1985).
The issue is important. I would grant certiorari to resolve this conflict among the Courts of Appeals.